IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MONA JOHNSON | * |
| Plaintiff, | * |
| v. | *    Civil Action No. JFM-16-3014 |
| MARCUS JOHNSON | * |
| Defendant. | * |
| | ***** |

## MEMORANDUM

The above-captioned complaint was filed on August 29, 2016, together with a motion to proceed in forma pauperis. She complains that on August 12, 2016, defendant took her mail. She claims that she wrote a letter to her mail carrier to stop placing her mail in defendant's mail box, but he continues to do so. ECF No. 1, p. 6. She alleges that defendant got violent with her, threatened to harm her, and tried to force his way into her unit. Id. Plaintiff further appears to claim that defendant committed identification fraud, slandered her, and damaged her property. *Id.*, pp. 6-7. No particular relief request is made.

Pursuant to 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when in forma pauperis status has been granted. Therefore, pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. *See Michau v. Charleston Cnty., S.C.,* 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screen a non-prisoner complaint); *Troville v. Venz,* 303 F.3d 1256, 1260 (11th Cir.

2002) (applying § 1915(e) to non-prisoner actions); *Evans v. Albaugh*, 2013 WL 5375781 (N. D. W.Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed in forma pauperis).[1]

A court may consider subject matter jurisdiction as part of its initial review of the complaint. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"). In general, if subject matter jurisdiction is lacking, the action must be dismissed. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Consequently a federal court must determine with certainty whether it has subject matter jurisdiction over a case pending before it. If necessary, the Court has an obligation to consider its subject matter jurisdiction *sua sponte*. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004).

The court has carefully reviewed Ms. Johnson's complaint and finds that a federal claim is not apparent. At best, her cause of action alleges nothing more than tortious conduct on the part of defendant. This court is, however, a court of limited original jurisdiction and does not sit to review every claim related to alleged tortious conduct involving non-federal parties. Instead,

---

[1] Title 28 U.S.C. Section 1915(e)(2)(B) provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

    (B) the action or appeal—
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

it only has authority to review such state-law claims filed pursuant to a federal district court's diversity of citizenship jurisdiction. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. It is a firmly established general rule of the federal courts that a plaintiff's diversity claim is the measure of the amount in controversy and determines the question of jurisdiction. *See McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). The broad sweep of the rule is subject to the qualification that a plaintiff's claim must be made in good faith--there must be no pretense to the amount in dispute. *Id.* In addition, while good faith is a salient factor, it alone does not control; if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount, the case will be dismissed for want of jurisdiction. *See St. Paul Mercury Indemnity Co. v. Red. Cab Co.*, 303 U.S. 283, 289 (1938); *see also Shanaghan v. Cahill*, 58 F.3d 106, 100 (4th Cir. 1995). Here, the parties are not diverse and the matter in controversy does not exceed $75,000, exclusive of interest and costs.[2] For the reasons set out herein, the Complaint shall be summarily dismissed by separate Order.

Date: September 5, 2016

J. Frederick Motz
United States District Judge

---

[2] Moreover, to the extent that Ms. Johnson asserts she is a crime victim, this court has no authority to initiate criminal charges and prosecute defendant. In our legal system, the decision whether or not to prosecute, and for what offense, rests with the prosecution. *See, e.g., Borderkircher v. Hayes*, 434 U.S. 357, 364 (1978). The Supreme Court said in *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973): "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *See also Banks v. Buchanan*, 336 Fed. Appx. 122, 123 (3d Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D. D.C. 2012) *aff'd*, Civ. No. 12-5198, 2012 WL 6603088 (D.C. Cir. Dec. 6, 2012). If Ms. Johnson wishes to pursue criminal charges, she must bring her allegations to the attention of law enforcement authorities.